(76 App. Div. 602.)

HUBER v. EHLERS.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. JUSTICE'S COURT—JURISDICTION—WAIVER OF OBJECTIONS.

Objection to a justice's jurisdiction on the ground that neither of the parties resided in his town, and because on an adjourned day the case was not called until more than an hour after the time set, was waived where the parties went to trial without making it.

2. SAME—JUDGMENT—TIME FOR RENDITION—SUNDAY.

Under St. Const. Law (Laws 1892, c. 677) § 27, which provides that, in reckoning number of days' specified as a period from a certain day within which an act is authorized to be done, Sunday must be excluded if it is the last day, a justice's judgment was properly rendered on the fifth day after submission of the cause, where the fourth day was Sunday.

3. CHATTEL MORTGAGE—RECORD—EFFECT—SUBSEQUENT VENDEE.

One who purchased personal property after the making and filing of a chattel mortgage thereon took subject to the mortgage.

4. TRIAL—OBJECTIONS—QUESTIONS RAISED.

Objection to the introduction in evidence of the record in another action on the ground that it was incompetent, immaterial, and irrelevant did not question the sufficiency of the certificate of the clerk attached thereto.

5. JUDGMENT—RES ADJUDICATA.

In an action for conversion of two cows, defendant, who claimed possession as agent for a third party, put in evidence the record in another action, wherein plaintiff's vendor brought replevin against the third party for two cows alleged to have been wrongfully converted by said third party, and where judgment had been rendered in the latter's favor. It appeared with reasonable certainty that the cows involved in both actions were the same. Held, that the judgment in replevin was res adjudicata.

Appeal from Erie county court.

Action brought originally in justice's court by William Huber against John Ehlers. From a judgment of the county court reversing the justice's judgment in his favor, plaintiff appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Edward C. Hart, for appellant.

Eugene P. Ouchie and M. A. Gearon, for respondent.

WILLIAMS, J. The judgment of the county court should be reversed, and the judgment of the justice's court should be modified by

¶ 1. See Justices of the Peace, vol. 31, Cent. Dig. §§ 220, 271.

reducing the same $70 as of date of the rendition thereof, and as modified affirmed, without costs in the county court or this court to either party.

The action was brought to recover damages for the conversion of four cows. The plaintiff alleged that he was the owner and entitled to the possession of the cows. The defendant denied this allegation, and further alleged that two of the cows were the property of one Schmitt, and the other two the property of one Monklebaum, and that defendant held the cows as their agent. Judgment was rendered for the value of all the cows, $137.50, being $35 per head, less $2.50, deducted from the total, for the amount conceded to be due the defendant for keeping.

It does not appear upon what grounds the county court placed its decision reversing the judgment rendered by the justice. The respondent here suggests two questions relating to the jurisdiction of the justice, as to both of which we think the respondent is in error: (1) That the justice had no jurisdiction of the action originally, because neither of the parties resided in his town, the plaintiff residing in Niagara county, and the defendant in the city of Buffalo, adjoining the justice's town. It does not appear that this question was raised in justice's court, or in county court even. When the plaintiff was sworn he stated his residence as Lockport. The defendant when sworn stated that he lived at 1226, Bailey avenue, but omitted to say whether that avenue was in the justice's town or in some city outside that town. On the adjourned day the case was not called until more than an hour after the time to which the case had been adjourned, and therefore the justice lost jurisdiction to proceed with the trial. The parties, however, went to trial without any objections as to the jurisdiction of the justice for any reason, and thereby submitted themselves to his jurisdiction, and cannot now be heard to question it for either of these reasons. (2) That the justice lost jurisdiction after the case was submitted to him by failing to decide the same within four days. The judgment was rendered on the fifth day after the submission, but properly so, because the fourth day was Sunday. St. Const. Law (Laws 1892, c. 677) § 27.

The only remaining questions relate to the merits of the cause of action, and particularly the question of title to the cows in question. The plaintiff claimed title to all the cows by purchase from one Specht, who claimed title thereto under a chattel mortgage and a foreclosure sale thereunder. This mortgage was given by the Schneiders to Specht, November 28, 1900, and filed in the Erie county clerk's office December 31, 1900. The foreclosure and sale took place March 25, 1901. There was dispute as to whether this mortgage covered the two Monklebaum cows. There was evidence upon both sides bearing upon this question, however, and the decision of the justice should not be disturbed on appeal. Monklebaum claimed title to these two cows by purchase from the Schneiders some time in January, 1901, the price paid being $110, wages due him from the Schneiders for labor. His purchase being after the making and filing of the chattel mortgage to Specht, his title was subject to such mortgage, and to Specht's title

acquired through the foreclosure and sale of the cows. The plaintiff was therefore entitled to recover the value of these two cows.

There are more serious questions presented with reference to the title to the two Schmitt cows. Schmitt held a chattel mortgage covering them, given by the Schneiders December 18, 1900, but not filed until December 28, 1900, the same day the Specht chattel mortgage was taken. Specht, or his agent who had full charge of the business, had no knowledge of the Schmitt chattel mortgage when he took his own, and the filing of the first mortgage at 2:30 in the afternoon of the same day the second mortgage was taken could hardly be regarded as notice to the second mortgagee of the first mortgage. It would seem, therefore, that the Specht mortgage, under which the plaintiff claimed title to these two cows, was a lien upon them prior to the lien of the Schmitt mortgage, under which the defendant claimed protection in this action.

But the defendant sought to show that the question of title to these two cows had been settled between Specht and Schmitt, under whom the parties to this action claimed, in a prior action between them tried in the municipal court in Buffalo, and for this purpose a copy of the record in that action was offered and received in evidence in the present action. The certificate of the clerk of the municipal court was hardly in compliance with the statute, but the objection made to the reception of the record, that it was incompetent, immaterial, and irrelevant, was not sufficient to raise this question. The record, being in evidence, showed an action commenced March 29, 1901, four days after the foreclosure of the Specht mortgage, in favor of Specht and against Schmitt, in the municipal court of Buffalo, in replevin, to recover two cows alleged in the complaint to be the property of plaintiff, and to have been wrongfully converted by defendant to his own use, March 20, 1901, demanding the usual relief in such an action. An answer was made to the complaint, a general denial, a trial had, and judgment rendered April 30, 1901, for the defendant of no cause of action, with costs. The record does not show anything with reference to replevin process issued or returned, whether the property was ever taken under such process, or what finally became of it. There was some evidence given outside the record tending to show that the cows in question were taken in custody by a constable, and that they were never retaken in the action by the defendant, but were in the custody of the officer when the trial was had and the judgment rendered; but this evidence is not very satisfactory. It is enough, however, to make it reasonably certain that the two cows involved in that action were the two here in question. After judgment the cows were taken by Schmitt, and were not thereafter in the possession of Specht or this plaintiff. The title to these two cows, as between Specht and Schmitt, was clearly litigated in that action, and decided in favor of Schmitt, and such decision and judgment must be regarded as res adjudicata between them and their privies, the plaintiff and defendant in this action. Under this condition of things, the justice was not authorized to find that plaintiff had established title to these two cows, and was entitled to recover the value thereof.

The foregoing views lead us to conclude that the judgment of the county court should be reversed, and the judgment of the justice's court should be modified by reducing the same $70, as of the date of the rendition thereof, and as modified affirmed, without costs in the county court or in this court to either party.   All concur.

(77 App. Div. 290.)

## HUBNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   December 12, 1902.)

1. CYCLIST—COLLISION WITH HORSE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Whether plaintiff, who was injured by colliding with a horse while riding his bicycle, was guilty of contributory negligence, *held*, under the evidence, to be a question for the jury.

2. WITNESSES—IMPEACHMENT—PARTY CALLING.

   Where, in an action for personal injuries, a witness called by plaintiff testified on cross-examination as to a matter of defense not touched on in his direct examination, plaintiff, on a recross-examination, was entitled to discredit his testimony as to such defensive matter by the introduction of evidence given by him on a former trial.

3. TRIAL—STRIKING OUT EVIDENCE.

   Competent evidence introduced by plaintiff cannot be stricken out on his motion if the evidence could, in any view, be of benefit to defendant.

4. SAME—HARMLESS ERROR.

   It is not prejudicial error to strike out, on plaintiff's motion, competent evidence, which has been introduced by him, if the evidence does not appear to have in any way inured to the benefit of defendant.

   Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.