## LIFSHITZ v. McCONNELL et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. SALES—WARRANTY—BREACH—ACCEPTANCE OF GOODS—WAIVER.

Defendant agreed to purchase from plaintiff a certain number of sweaters each week for a year, to be all wool, and of a certain weight, and from size No. 24 up to size No. 34, inclusive. In an action for the balance of the price defendant alleged that the goods were not in all respects equal to the samples, but were poorly made, of bad sizes and color, not assorted according to orders, and were unmerchantable. Defendants had accepted the goods, and retained them, without examination or objection, until after the beginning of the suit. *Held* that, as the claim of breach of warranty did not relate to any express warranty contained in the written agreement, or to any implied warranty which would survive the acceptance, the counterclaim based thereon was improperly allowed.

2. SAME—EXPENSE OF EXAMINATION—PROPRIETY OF ALLOWANCE.

A buyer who counterclaims for breach of warranty when sued for the price of goods is not entitled to recover the expenses of making an examination of the articles bought.

3. JUDGMENT—AMOUNT OF RECOVERY—CONFORMITY TO PLEADING.

It is error to render judgment for a party for more than he claims in his pleading.

---

¶ 3. See Judgment, vol. 30, Cent. Dig. §§ 443, 444.

Appeal from municipal court of New York.

Action by Alexander Lifshitz against Lewis E. McConnell and another. From a judgment for defendants on their counterclaim, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Florence A. Scheftel, for appellant.

Ira Bliss Stewart, for respondents.

HIRSCHBERG, J. The appellant contends that the judgment is void for want of jurisdiction. The suit is brought to recover an alleged balance of $216.73 for goods sold and delivered, and the answer, in addition to a general denial, sets up a breach of warranty, and damages resulting therefrom. The court allowed the plaintiff's claim in full, and also allowed the defendants the sum of $657.58 damages for the alleged breach of warranty, judgment being rendered in the latter's favor for the difference, viz., $440.85, with costs. The chief contention on the appellant's part is that, as the amount of the defendant's counterclaim is in excess of the jurisdiction of the municipal court, the claim could not be adjudicated in that court. In the view taken, it is unnecessary to decide the question, as there must be a new trial in any event, and the question may not, and probably will not, be a practical one upon such new trial. It is, moreover, exceedingly doubtful whether this question of jurisdiction, not having been raised in any manner upon the trial, can be successfully urged for the first time upon appeal. See Huber v. Ehlers, 76 App. Div. 602, 604, 79 N. Y. Supp. 150. The claim of neither party to the suit was established by competent evidence, and the record furnishes no legitimate support for the judgment. The controversy arises from transactions under a written agreement executed by the parties on the 13th of August, 1901. By the terms of this agreement the defendants agreed to purchase of the plaintiff 50 dozen sweaters of his manufacture each week of the year commencing September 1, 1901, and to pay for them in cash at the price of $6 per dozen, with a discount of 7 per cent. for samples No. 100 and 150, and of 6 per cent. for sample No. 175. The agreement further provides that the samples referred to "are to be all wool, and put up in 2/12 boxes, and weigh six pounds in average from size 24 up to the size No. 34, inclusive." The sum which the plaintiff seeks to recover is for sales made under the agreement from February 14 to April 2, 1902, together with an alleged balance, according to the plaintiff's bil' of particulars, of $38.32, arising from sales made prior to February 14, 1902. The counterclaim set up in the answer consists of two items, viz., the sum of $468.62, being the alleged difference in value of the sweaters because of the breach of warranty, and the sum of $154.90 for expenses alleged to have been incurred by the defendants in examining the merchandise in question. The total of the two items is $623.52, but the answer asks judgment for $627.02, and, as I have said, the court has allowed the defendants $657.58, being more than $30 in excess of their claim, and nearly $35 in excess of the sum of the items constituting such claim.

The plaintiff's bill of particulars is made up of the $38.32 balance referred to arising from sales made between September 1, 1901, and February 14, 1902, and of sales to the amount of $1,669.03, made between February 14th and April 2d; in all, the sum of $1,707.35, upon which sum credits for payment are allowed in the sum of $1,491.02, leaving $216.33 as the plaintiff's unpaid claim,—an amount 40 cents less than that allowed by the court. But no proof was made upon the trial of the $38.32 balance arising from the first sales under the agreement, nor was any proof made of the following three items of the alleged subsequent sales, viz., of February 26th, $133.92, of March 5th, $6.85, and of March 12th, $5.58. The plaintiff's claim as allowed was, therefore, almost wholly without proper support.

The allowance of the defendants' counterclaim was equally without any legal basis. It is undisputed that whatever sweaters were delivered to the defendants under the agreement were received and retained without examination long after opportunity for examination had been afforded, and no valid reason is assigned for the defendants' failure to make such examination. The defects complained of were such as were readily discernible upon examination, the allegations of the answer being that the goods were "not in all respects equal to the said samples, but were imperfect, of inferior quality, poorly made, of bad sizes and color, not assorted according to orders, and were badly damaged and unmerchantable." If the facts justified the claim, they certainly do not relate to any express warranty contained in the written agreement, or to any implied warranty which would survive acceptance. As a matter of fact, the defendants made no examination until after this action was brought for the purpose of recovering the purchase money,—a circumstance which tends to throw some discredit upon the alleged results of the examination, especially in view of the fact that no serious fault appears to have been found with the plaintiff's previous delivery of goods under the agreement. The court allowed the defendants the sum of $150 for their expenses in making the examination. There was no proof showing how these expenses were incurred. Two or three persons were employed by the defendants to make the examination, and they testified upon the trial as to the results. But none of them has been paid for his services, and no proof was given as to the value of the services. The expense thus incurred in making the examination was not a proper subject of offset or counterclaim, and should not be allowed under the circumstances, even if established by competent evidence. The law imposes upon the purchaser the duty of examining his purchases upon delivery, and I know of no law which permits him to charge to the vendor the time, trouble, and expense involved in the discharge of that duty. That the defendants could not be properly allowed damages in excess of the amount claimed in the answer is too plain a proposition to require discussion. The judgment should be reversed.

Judgment of municipal court reversed, and new trial ordered; costs to abide the event. All concur.