(55 Misc. Rep. 68.)

TOOKER v. SIEGEL-COOPER CO. et al.

(Supreme Court, Special Term, New York County.   June, 1907.)

CHATTEL MORTGAGES—DELIVERY—FAILURE TO RECORD.

Where a chattel mortgage is delivered to a third party, to be delivered to the mortgagee at a future date if the debt to be secured was not sooner paid, and nothing remains to be done by the mortgagee to entitle it to the mortgage, it is an absolute delivery, and a failure to file the same as prescribed by the statute renders it void as to creditors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mort-gages, § 429.]

Action by Emeline F. Tooker against the Siegel-Cooper Company and others. Judgment for plaintiff.

Cantwell & Moore, for plaintiff.

Eustis & Foster (Benjamin G. Paskus, of counsel), for defendant Siegel-Cooper Company.

John M. Harrington, for defendant Sherman Square Hotel Company.

LEVENTRITT, J. In November, 1905, and February, 1906, the plaintiff recovered judgments on two promissory notes for $6,000 each, made by the defendant Hotel Regent Company on February 3, 1904, and maturing, respectively, one and two years from that date. Upon the return of unsatisfied executions, the plaintiff instituted this action in which she seeks to reach the proceeds realized from the sale of certain property under a chattel mortgage which she alleges was executed and delivered by the Hotel Regent Company to the defendant Siegel-Cooper Company on April 25, 1904, but which was not filed until May 23, 1904. An accounting by the Siegel-Cooper Company and a satisfaction of plaintiff's judgments is prayed; the right thereto arising under section 90 of the lien law, which declares:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."

The chattel mortgage in question, given to secure an indebtedness of $56,080.97, the bona fides of which is conceded, was foreclosed in October, 1904, and the amount realized from the sale of the mortgaged property was $56,000.

Although a simple contract creditor during the period of the mortgage transaction, the right of the plaintiff to avail herself of the statute is unchallenged, and, under the authorities of this state, is not open to question. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Brunnemer v. Cook & Bernheimer Co., 180 N. Y. 188, 73 N. E. 19; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885. But the defendant Siegel-Cooper Company contends—and the proof to that end is practically uncontroverted—that the chattel mortgage in question was delivered by the Hotel Regent Company to one Anway, at that time the attorney for the Siegel-Cooper Company, upon the understanding that, if the amount secured by the mortgage was paid on or before May 23, 1904, the mortgage should be returned to the Hotel Regent Company; otherwise it was to be delivered by Anway to the Siegel-Cooper Company. As the indebtedness was not paid, the mortgage was, on May 23, 1904, delivered by Anway to the Siegel-Cooper Company, and a copy was filed. The negotiations leading up to the execution of the mortgage culminated in a conversation, participated in by one Levy, the president, and Doherty, a stockholder, of the Hotel Regent Company, Anway, the attorney for, and Cox, the

sales agent of, the Siegel-Cooper Company. This conversation was repeated by Cox in this language:

"Mr. Doherty said * * * that he would consent to the giving of a chattel mortgage provided Siegel-Cooper Company would hold it, and Mr. Anway interrupted me and said that would void the mortgage, 'You can't do anything of that kind.' I said: 'There is no use of discussing the thing any further.' Mr. Levy then said: 'You misunderstand it. Mr. Doherty meant that we give a chattel mortgage and let Mr. Anway hold it in escrow until the time that we agree upon, and either deliver it, or file it or return it to us, as we are just about closing these negotiations looking to the raising of this money, and the money will be on hand long before the time you need to put this mortgage on record.' I asked Mr. Anway whether that was in order, and he said it was, and I then said: 'That is all right. Now as to the terms of the payment.' We went into details of how the indebtedness was to be paid off, in the different installments."

Whatever may be said as to the validity of the agreement, as effecting a delivery in escrow, and irrespective of the question whether a chattel mortgage is ·capable of such a delivery under the circumstances detailed, one thing is clear: The manifest object of the parties was not so much to delay delivery as to avoid filing. The Hotel Regent Company was endeavoring to raise a loan, and the record of a chattel mortgage would, as stated by its president at the conversation referred to, "materially affect the getting of this money." The delivery to Anway left no condition to be fulfilled by the Siegel-Cooper Company. The Hotel Regent Company assumed no condition other than the payment of its indebtedness, an obligation already existing and enforceable. There was nothing to be done by the Siegel-Cooper Company to perfect title to the mortgage or to complete the delivery. The only condition rested on the Hotel Regent Company, the performance of which would defeat delivery. Under these circumstances the delivery to Anway was an unconditional delivery to the Siegel-Cooper Company. The statute has been construed in favor of creditors along the broadest lines and in accordance with the most liberal principles of statutory construction. Technicalities have given way to equities; limitations to liberality. The statute contemplates protection to creditors against secret arrangements to withhold the filing of chattel mortgages. It commands publicity. The recognition of an agreement such as the one upon which the defendant relies would not only circumvent the statute, but would facilitate results which it was designed to prevent. The failure of the Siegel-Cooper Company to file the chattel mortgage in question, within a reasonable time after its execution and delivery, renders it void as against the plaintiff, and the relief prayed must be granted.

Judgment for plaintiff, without costs.