EMELINE F. TOOKER, Respondent, *v.* SIEGEL-COOPER COMPANY, Appellant, Impleaded with Others.

Chattel mortgage — delivery thereof to third party, to be filed on subsequent date if debt be not paid — invalidity as against creditors of mortgagor.

In order to make a chattel mortgage effective against the creditors of the mortgagor, the Lien Law (L. 1897, ch. 418, § 90, as amd. by L. 1900, ch. 248) contemplates that it shall be placed upon file with reasonable

expedition.   Where it is put into the hands of a third party after execution upon no condition except that it shall not be delivered at all in the event of the payment of the debt before a specified date, and is subsequently delivered by him to the grantee, such delivery must be deemed to relate back to the date when the third party received it, and a delay of nearly a month in placing it upon file is so unreasonable as to invalidate the mortgage against creditors.

*Tooker* v. *Siegel-Cooper Co.*, 126 App. Div. 913, affirmed.

(Argued February 16, 1909; decided March 2, 1909.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1908, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin G. Paskus* and *Sydney Bernheim* for appellant.   The facts as found by the trial court do not sustain the conclusions of law and do not justify the judgment rendered herein.   The trial court found that the chattel mortgage was filed on the very day on which it was delivered to the mortgagee, Siegel-Cooper Company.   The failure to file the instrument while in the hands of a third person, prior to the date of its delivery to the mortgagee, does not constitute a violation of the provisions of the Lien Law in reference to the filing of chattel mortgages so as to make the mortgage void as to creditors.   (*Worrall* v. *Munn*, 5 N. Y. 229; *Adler* v. *G. F. Ins. Co.*, 17 Misc. Rep. 347; *Jackson* v. *Catlin*, 2 Johns. 248; *Nottbeck* v. *Wilkes*, 4 Abb. Pr. 315; *Raymond* v. *Smith*, 5 Conn. 555; *Conneau* v. *Geis*, 14 Pac. Rep. 580; *Price* v. *II. Ins. Co.*, 54 Mo. App. 119; *Ashford* v. *Prewitt*, 14 South. Rep. 663; *Stanton* v. *Miller*, 58 N. Y. 192; *Blewitt* v. *Boorum*, 142 N. Y. 357.)

*William W. Cantwell* and *Robert M. Moore* for respondent.   The chattel mortgage made and executed by the Hotel Regent Company to the Siegel-Cooper Company on the

25th day of April, 1904, and on said date delivered to Wilmer Anway, the attorney for the said Siegel-Cooper Company, and not filed until the 23d day of May, 1904, there being no change of possession of the property, was absolutely void as against this plaintiff under section 90 of the Lien Law. (*Karst* v. *Gane*, 136 N. Y. 316; *Stephens* v. *Perrine*, 143 N. Y. 476; *Brunnemer* v. *C. & B. Co.*, 180 N. Y. 188; *Skilton* v. *Codington*, 185 N. Y. 80; *Matter of Leland*, 15 Fed. Cas. 294.)    The delivery to Anway of the chattel mortgage was an unconditional delivery to the Siegel-Cooper Company and was not a delivery in escrow. (*Worrall* v. *Munn*, 5 N. Y. 229; *Adler* v. *G. F. Ins. Co.*, 17 Misc. Rep. 347; *Johnson* v. *Catlin*, 2 Johns. 248.)    Whether the arrangement made with Anway at the time of the delivery to him of the chattel mortgage was an agreement in escrow or not it was an agreement which operated to defeat the objects and purposes of section 90 of the Lien Law and thereby made this chattel mortgage void as to this plaintiff. (*Rankin* v. *Donovan*, 61 N. Y. Supp. 542.)

WILLARD BARTLETT, J.    The plaintiff in this suit, being a judgment creditor of the Hotel Regent Company, seeks to reach the proceeds of the sale of certain property of that defendant acquired by the Siegel-Cooper Company upon the foreclosure of a chattel mortgage.    In February, 1904, the Hotel Regent Company was indebted to the plaintiff in the sum of $12,000, for which it gave notes to the plaintiff upon which judgments were subsequently recovered.    While the plaintiff was thus a creditor of the Hotel Regent Company that corporation executed a chattel mortgage to the Siegel-Cooper Company covering all its assets to secure the payment of an indebtedness of $56,000.    On April 25, 1904, this mortgage was delivered to Wilmore Anway, an attorney at law, who was then the attorney for the Siegel-Cooper Company, upon the understanding, as the trial court found, "that if the amount secured by the mortgage was paid on or before May 23, 1904, the mortgage should be returned to the Hotel

Regent Company; otherwise it was to be delivered by Anway to the defendant Siegel-Cooper Company." As the indebtedness was not paid on or before that date the chattel mortgage was delivered by Anway to the Siegel-Cooper Company on May 23, 1904, and a copy was filed in the office of the register in the city and county of New York on that day.

The chattel mortgage was subsequently foreclosed and the property sold to the Sherman Square Hotel Company for $56,000. The mortgage covered all the property of the Hotel Regent Company leaving nothing against which the judgments of the plaintiff could be enforced by execution.

Upon these facts the learned trial judge held that the chattel mortgage was null and void as against the plaintiff on account of the unreasonable delay in filing the same and decreed that the Siegel-Cooper Company pay over to the plaintiff from the proceeds of the sale under the chattel mortgage foreclosure an amount sufficient to satisfy her judgments.

The provisions of the Lien Law material to be considered upon this appeal are as follows: " Every mortgage or conveyance intended to operate as a mortgage of goods and chattels   *   *   *   which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article." (Laws of 1897, chap. 418, § 90, as amended by Laws of 1900, chap. 248.)

In the opinion of the learned judge at Special Term he declared that under the circumstances the delivery to Anway was an unconditional delivery to the Siegel-Cooper Company; and if there had been a finding that such delivery was made to Anway *as* the attorney of the appellant there would be no room for discussion as to the correctness of the judgment. When we come to examine the findings, however, it appears that they go no further than to decide that Anway was the

attorney for the Siegel-Cooper Company at the time when the chattel mortgage was delivered to him on April 25, 1904. There is no finding that the delivery was made to him as the attorney for the appellant. It is, therefore, contended that we have here a case of a delivery of an instrument in escrow to a third person, who has undertaken to deliver it to the grantee if the grantor shall fail to perform a specified condition within a specified time; that there is nothing in the Lien Law forbidding such a delivery in escrow; and consequently that the subsequent delivery of the chattel mortgage to the grantee upon the failure to perform the condition, and its subsequent filing, made the mortgage a valid lien as against the plaintiff.

In answer to this contention the counsel for the respondent argues that a conveyance in escrow may only be made conditional upon some act to be performed by the grantee, and never can be made conditional upon an act to be performed by the grantor. There is a conflict of decisions in this country upon this question. In *Jackson* v. *Catlin* (2 Johns. 248, 259) Chief Justice KENT said: "A deed is delivered as an *escrow,* when the delivery is conditional, that is, when it is delivered to a third person, to keep until something be done by the grantee; and it is of no force until the condition be fulfilled." This statement of the law, of course, was perfectly correct and does not necessarily involve a denial of the proposition that a conveyance in escrow may be made conditional upon something to be done by the grantor. In *Raymond* v. *Smith* (5 Conn. 555) the court defined an escrow to be "a deed delivered to a third person, upon a future condition to be performed by either party;" and in that case the agreement was that the deed which had been deposited with a third person was to be delivered back to the grantor in case he should give the grantee security for his debt within a limited time. It has also been held in California that there may be a delivery in escrow where a deed is deposited with a third person to be delivered to the grantee if the grantor fails to make a stipulated payment. (*Conneau* v. *Geis,* 73 Cal. 176.)

While in most cases of alleged delivery in escrow the condition is to be performed by the grantee, it can hardly be asserted that a delivery of this character may never lawfully be conditioned upon the performance of an act by the grantor.

But whatever may be the rule in this respect in regard to the delivery in escrow of an absolute conveyance of land, we have a very different question presented here. The purpose of the parties is evident. What they desired to do was to place practically under the control of the Siegel-Cooper Company a chattel mortgage upon the property of the Hotel Regent Company which should be effective as of April 25, 1904, unless the debt which it was given to secure should be paid on or before May 23, 1904; and they intended if possible to make this mortgage just as valid against the other creditors of the mortgagor as though it had been filed on the earlier date. The doctrine of delivery in escrow cannot be successfully invoked to uphold this transaction and render the mortgage valid without disregarding the intent of the statute and ignoring the main object sought to be accomplished by its enactment. If it were sanctioned, the grantee in a chattel mortgage might just as well keep the instrument off file for a year, or any other period, and yet maintain its validity against creditors. In order to make such an instrument effective against the creditors of the mortgagor the Lien Law contemplates that it shall be placed upon file with reasonable expedition. Where it is put into the hands of a third party after execution upon no condition except that it shall not be delivered at all in the event of the payment of the debt before a specified date, and is subsequently delivered by him to the grantee, we think that such delivery must be deemed to relate back to the date when the third party received it; and that a delay of nearly a month in placing it upon file was properly held by the trial court to be so unreasonable as to invalidate the mortgage against creditors. (*Karst* v. *Gane*, 136 N. Y. 316.) As was well said by Mr. Justice Leventritt at Special Term: "The statute has been construed in favor of creditors along the broadest lines and in accordance with the

most liberal principles of statutory construction. Technicalities have given way to equities; limitations to liberality. The statute contemplates the protection of creditors against secret arrangements to withhold the filing of chattel mortgages. It commands publicity. The recognition of an agreement, such as the one upon which the defendant relies, would not only circumvent the statute, but would facilitate results which it was designed to prevent."

The judgment should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.