RUFUS   J.   TRIMBLE,   Appellant,   *v.*   THE   BROUN-
GREEN   COMPANY   and   GLOBE   INDEMNITY   COMPANY,
Respondents.

(Supreme   Court,   Appellate   Term,   First   Department,   Novem-
ber, 1918.)

Chattel mortgages — when delay in filing, does not render it void as
   against the holder of a promissory note — negotiable instruments —
   conversion.

> Where no rights of an intervening creditor are prejudiced
> thereby, six days' delay in the filing of a chattel mortgage
> does not render it void as against the holder of a promissory
> note made by the chattel mortgagor which did not become due
> until a month after the filing of the mortgage.

> In an action brought originally against a sheriff for the con-
> version of certain office fixtures covered by a chattel mortgage,
> it appeared that prior to the execution and delivery of said
> mortgage to plaintiff, the mortgagor, being indebted to the
> substituted defendant herein, made and delivered to it its
> promissory note which matured more than a month after the
> filing of the chattel mortgage which was not filed until six
> days after its execution and delivery.   In an action upon the
> note the substituted defendant herein recovered judgment and
> the property covered by the chattel mortgage was seized by the
> sheriff under an execution issued upon said judgment and sold.
> *Held,* that a judgment entered upon granting a motion to dis-
> miss the complaint in the present action was error, and said
> judgment will be reversed and a new trial ordered.

> The rights of the holder of the note were in no sense prej-
> udiced or affected by the delay of six days in filing the chattel
> mortgage and the rights of the substituted defendant would
> not as matter of law take precedence over the rights of plaintiff
> herein under his mortgage.

APPEAL by plaintiff from a judgment of the Munici-
pal Court of the city of New York, borough of Man-
hattan, first district, dismissing the complaint.

Misc.]    Appellate Term, First Department, November, 1918.

Rufus J. Trimble, for appellant.

Friend & Friend (Theodore H. Friend, Jr., of counsel), for respondents.

GUY, J.   On October 5, 1917, the Commonwealth Realty Improvement Corporation, a foreign corporation having an office in the city of New York, executed and delivered to the plaintiff a chattel mortgage on certain office fixtures in the office of said corporation, which mortgage was not filed by the plaintiff in the register's office until six days after its execution and delivery, the chattel meanwhile, and also subsequent to said filing, remaining in the possession of the mortgagor.   Prior to the execution and delivery of said mortgage to plaintiff, the mortgagor was indebted to the substituted defendant herein, the Broun–Green Company, and on September 7, 1917, before the execution and delivery of said mortgage to the plaintiff, the mortgagor delivered its promissory note to said substituted defendant, which note became due on November 10, 1917, more than a month after the filing of said mortgage.   On November 15, 1917, the said note being unpaid upon maturity, the substituted defendant began an action thereon, recovered judgment, and, upon execution, the property covered by said mortgage was seized and sold by the sheriff after notice by plaintiff to the sheriff of plaintiff's lien thereon; and this action was originally brought against the sheriff for conversion.

The sole question of importance in this case was whether the six days' delay in the filing of said mortgage, with no rights of an intervening creditor being prejudiced thereby, rendered said mortgage void as against this defendant creditor, the holder of a prom-

issory note which did not become due until a month subsequent to the filing of said mortgage.

Defendants respondents rely mainly upon the decision of this court in *Seger & Gross Co.* v. *Maclaire,* 165 N. Y. Supp. 423, and it is evident that the learned trial justice deemed said decision controlling in the determination of this case. In the *Seger & Gross Company* case, however, a very different state of facts was presented. A conditional bill of sale had been given on February first, which was not filed until March twenty-third of the same year, some five minutes before the filing of a chattel mortgage executed and delivered on March twenty-third, taken in good faith and for a valuable consideration by the mortgagee. In that case the court held that a delay of six weeks was an unreasonable and unnecessary delay, although some of the chattels which were covered by the conditional bill of sale were to be manufactured and were not actually delivered until two days before the filing of the bill of sale. After pointing out that there was no excuse for the delay of two days in filing the bill of sale after the last of the articles had been delivered, the court said: " It is not necessary, however, to rest the decision upon this delay of upwards of two days in filing, since, as noted above, the conditional bill of sale was given on February first, and as to some of the articles it is apparent that there was a far greater delay than that of the two days mentioned above."

Section 230, article 10, of the Lien Law prescribes no time within which a chattel mortgage or a bill of sale shall be filed, but provides that where there is no immediate delivery, followed by an actual and continued change of possession, a chattel mortgage shall be absolutely void as against creditors unless filed in the manner prescribed in said article. The courts have

uniformly held that the filing must be within a reasonable time.   While it has been held that even where there is a delay of but a few days, and rights of creditors or *bona fide* purchasers intervene, the lien of the mortgage must be postponed to such intervening rights (*Hicks* v. *Williams,* 17 Barb. 523; *Huber* v. *Ehlers,* 76 App. Div. 602), what is an unreasonable and unnecessary delay, where only a few days have intervened, is a question of fact to be determined on the evidence in each case.   A delay of six days, or even a shorter time, might under certain circumstances be an unreasonable delay; a longer delay, under different circumstances, might not be unreasonable.   In the case at bar, the rights of the holder of a promissory note given before the execution and delivery of the mortgage, which note would not become due until long after the date of the actual filing of the mortgage, were in no sense prejudiced or affected by the delay of six days in filing; so that the rights of the substituted defendant would not as matter of law take precedence over plaintiff's rights under his mortgage.   The main purpose of the statute is the protection of creditors, and while under the authorities an unreasonable and unnecessary delay in filing would render a mortgage invalid as against all creditors, my attention has not been called to any authority that holds that a delay in filing of less than several weeks is, as matter of law, an unreasonable delay.   To so hold would be an improper exercise of a legislative function, injecting into the statute something apparently not within the legislative intent.

In *Karst* v. *Gane,* 136 N. Y. 316, where the filing of a chattel mortgage was delayed six weeks, the court, holding that a delay of six weeks in filing made the chattel mortgage void, said: '' Some time will necessarily elapse between the execution and filing of the

Appellate Term, First Department, November, 1918. [Vol. 105.

mortgage. Where it appears that due diligence was exercised in filing the mortgage, and there was no unnecessary delay *and no actual intervening lien has been acquired,* there would seem to be no ground upon which subsequent lien holders could question the validity of the mortgage. * * * The filing under these circumstances would be immediate and make the mortgage valid as against liens subsequently acquired. * * * The mortgage was, however, filed before the plaintiff's judgments and executions were obtained."

The granting of the motion to dismiss was, therefore, error.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Mullan, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.