ZAMORE v. GOLDBLATT et al.

No. 167, Docket 22237.

United States Court of Appeals,
Second Circuit.

Argued Feb. 13, 1952.

Decided March 6, 1952.

George J. Rudnick, Brooklyn, N. Y., for appellants.

Max Schwartz, Brooklyn, N. Y., for trustee-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from an order authorizing the trustee in bankruptcy of Moraes Construction Co., Inc., to sell eleven chattels free and clear of a chattel mortgage made to J. Harry Goldblatt. The order was right and should be affirmed.

The chattel mortgage was executed on March 16, 1949, by Moraes Construction Co., Inc., and Morbar Construction Corp. and Moraes & Cavanaugh, two corporations affiliated with the Moraes Construction Co., Inc., under identical ownership and held to be departments of that company. The chattel mortgage was to secure agreed advances of $120,000 by Goldblatt on forty-three items of personal property listed in an attached schedule. Of this amount Goldblatt actually advanced only $65,000. The mortgage was filed in the Office of the Register of Queens County on April 14, 1949.

On November 3, 1949, after a default had occurred under the chattel mortgage, an action was commenced by Goldblatt in the Supreme Court, Queens County, against the bankrupt to replevy thirty out of the forty-three items listed in the chattel mortgage. On December 29, 1949, a judgment was rendered adjudging that Goldblatt recover from the bankrupt and obtain possession and title to the thirty items of personal chattels specifically set forth in the judgment which included among their number all of the property involved in the present appeal. Morbar Construction Corp. and Moraes & Cavanaugh were not parties to the action. Some of the thirty items were assigned by Goldblatt to G. & G. Holding Corp., a corporation owned by the Goldblatt family, but none of the eleven items here in question were ever in the actual possession of either Goldblatt or the Holding Corporation.

On February 23, 1950, an involuntary petition in bankruptcy was filed against Moraes Construction Co., Inc., and on April 18, 1950, the trustee was appointed.

On June 22, 1950, the trustee took possession of the eleven items of personal property then located in the bankrupt's yard at 115–52 Dunkirk Street, St. Albans, New York. By an order to show cause, dated June 27, 1950, the trustee commenced the present proceeding to sell the eleven items of personal property free and clear of the chattel mortgage executed March 16, 1949, and filed April 14, 1949, on the ground that the mortgage was void as against the trustee because of an unreasonable delay between the time of its execution and the date of filing.

Goldblatt answered the petition by a general denial, plus affirmative defenses (1) that the petition was insufficient; (2) that title to, and possession of, the chattels were in Goldblatt and his assignee G. & G. Holding Corp. by virtue of the December 1949 judgment above mentioned, which judgment was *res judicata*; (3) that the matter should be determined in a plenary action, and not in a summary proceeding; (4) that the trustee is a trespasser.

The appellant G. & G. Holding Corp. appears specially and solely for the purpose of attacking the jurisdiction of the court, contending that the matter should be disposed of by plenary action and not by summary proceedings.

■ The contention that the trial court should not have entertained a summary proceeding is not warranted. There was substantial evidence that the eleven items never came into the possession of Goldblatt or of his assignee G. & G. Holding Corp., but remained in the possession of the bankrupt at all times until the trustee took possession of them. That being so, the bankruptcy court had summary jurisdiction over the property. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876; In re American Cork Industries, Inc., 2 Cir., 54 F.2d 740. See Cline v. Kaplan, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97. Moreover, the judgment in favor of Goldblatt in the New York State Court action was not *res judicata* as against the trustee. It was based on a mortgage that was properly held bad for lack of prompt filing and could not bind creditors or the trustee in bankruptcy who stands in their shoes. The delay of twenty-nine days in filing was inadequately explained or excused and rendered the mortgage bad against creditors. Tooker v. Siegel-Cooper Co., 194 N.Y. 442, 87 N.E. 773; Stephens v. Perrine, 143 N.Y. 476, 39 N.E. 11.

■ It is argued by the appellants that the trustee could not attack the mortgage because he represented only one small creditor whose claim arose before the date of the filing but one creditor who could

attack it was enough to avoid the mortgage under Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, against later creditors represented by the trustee. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; In re Sachs, 4 Cir., 30 F.2d 510, '514, 515; City of New York v. Rassner, 2 Cir., 127 F.2d 703, 707.

Order affirmed.