**In re CERDA et al.**
**No. 51106.**

United States District Court
E. D. New York.
March 16, 1954.

Sherman D. Warner, Jamaica, N. Y., referee in bankruptcy.

Spence, Hotchkiss & Halpin, New York City, by John E. Massengall, New York City, for Corn Exchange Bank Trust Co., for motion.

Leo Blatt, Hollis, N. Y., for trustee, in opposition.

RAYFIEL, District Judge.

Corn Exchange Bank and Trust Company, hereinafter called the "Bank", is a creditor of the above-named bankrupts, as individuals, in the aggregate amount of $533.37, plus interest, the said indebtedness being secured by two chattel mortgages, each executed by one of the bankrupts.

One of the mortgages was dated on or about November 12, 1952, the other on or about November 25, 1952, and both were filed in the office of the Register of the City of New York, Queens County, on March 9, 1953.

The trustee, claiming that the said mortgages were not seasonably filed, moved for an order declaring them null and void as against the trustee, and authorizing him to sell the automobiles covered thereby free and clear of the liens thereof. On December 2, 1953, the Hon. Sherman D. Warner, Referee in Bankruptcy, made an order granting the relief sought by the trustee, and thereafter the said automobiles were sold with the proviso that the liens of the "Bank", if any, would attach to the proceeds of the sale.

The "Bank" petitioned for the review of the said orders, claiming that no creditors' claims had accrued in the period during which said chattel mortgages remained unfiled, and that the liens thereof were good as against all creditors whose claims accrued after the filing thereof.

At a hearing on the petition for review the attorney for the trustee stated that the claim filed by one of the creditors had accrued between the dates of delivery and filing of said chattel mortgages and counsel for the "Bank" agreed that if that were so the decision of the Referee was not in error. See Zamore v. Goldblatt, 2 Cir., 194 F.2d 933.

Accordingly, the matter is referred to Referee Warner to take testimony as to whether any claim or claims of creditors of the bankrupt accrued between the dates and the date of filing of the said chattel mortgages.