In the Matter of RAYMOND SERVICE, INC., Bankrupt.

Helen FISHMAN, Appellant,

v.

Frank A. MARGIOTTA, Trustee-Appellee.

No. 298, Docket 28767.

United States Court of Appeals
Second Circuit.

Argued Jan. 14, 1965.
Decided Jan. 26, 1965.

---

Herman J. Zawin, New York City, for appellant.

Louis P. Rosenberg, Brooklyn (Alfred A. Rosenberg, Brooklyn, on the brief), for trustee-appellee.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

KAUFMAN, Circuit Judge:

Mrs. Fishman, a secured creditor of Raymond Service, Inc. ("the bankrupt"), appeals from a District Court order confirming a Referee's order declaring null and void a chattel mortgage of the bankrupt held by her. Relying on Section 70 of the Bankruptcy Act, 11 U.S.C. § 110, the trustee in bankruptcy sought to avoid the mortgage on the ground that it was voidable under New York law because there was an unreasonable delay between delivery and filing. We reverse because, in this case, the two-week time lapse was not unreasonable.

On April 23, 1959, Mrs. Fishman, a widow acting without the advice or as-sistance of counsel, loaned $20,000 to her long-time employer's corporation, the bankrupt, which at the time conducted a mailing, printing and advertising service. In return, she received a promissory note and, as security, an assignment of accounts receivable and a chattel mortgage, both subject to prior instruments. The chattel mortgage—initialled by both parties—was dated April 27, 1959, and acknowledged by a notary on April 29. Although the employer promised to assume the duty of complying with further formalities, the instrument was not filed in the Queens County Register's Office until May 13, 1959. Some eight months later Raymond Service, Inc. was adjudicated bankrupt.

In the hearings and arguments before both the Referee and the District Court, and indeed on this appeal, the parties focused on the validity of Mrs. Fishman's contention that there was no delay whatever because the mortgage was delivered on May 13, the date it was filed. But, assuming *arguendo* the propriety of the Referee's finding that delivery occurred two weeks before filing, we are persuaded, on the record before us, that it was error to hold that this hiatus required voiding the chattel mortgage. The Referee simply stated, without more, that "under the reported decisions" there was an "unusual and unnecessary, and an unwarranted delay in filing"; the District Court in its opinion accepted this statement without discussion.

We read the authorities quite differently. During the period relevant to this case, the New York Lien Law, McKinney's Consol.Laws, c. 33, made chattel mortgages which were not filed as provided therein void as against creditors of the mortgagor and subsequent good faith purchasers and mortgagees for value, but specified no time for filing. §§ 230, 232.[1] The New York courts, however, repeatedly held that filing was required within a reasonable time after ex-

[1] For a discussion of the effect of the 1960 amendment to § 230, which specifies a 10-day grace period, see In the Matter of League Bookbinding Co., 339 F.2d 340 (2 Cir. Dec. 23, 1964).

ecution of the instrument.[2] What constituted a reasonable time presented a question of fact to be determined upon all the circumstances in each case.[3]

Some courts have, however, held as a matter of law that a one week delay is not unreasonable.[4] And we have not been directed to a single case holding that a delay in filing of only two weeks is unreasonable as a matter of law.[5] In view of these authorities and the special facts of this case, we do not believe the fortnight delay justifies voiding the chattel mortgage. Indeed, to hold otherwise would be, as one New York court declared, "an improper exercise of a legislative function, injecting into the statute something apparently not within the legislative intent."[6] Considering the virtually fiduciary duty owed by the bankrupt to Mrs. Fishman and her good faith reliance on the promise to file the instrument within the proper time, it would be Draconian to set aside the mortgage.

It is true that some cases allude to the relevance of claims intervening during the period of delayed filing.[7] And here

two claims, totalling $28.62, did arise during the two-week period. Nevertheless, we do not deem this factor controlling when applied to the particular situation before us. First, the language in Huber v. Ehlers, 76 App.Div. 602, 79 N.Y.S. 150 (1902), upon which the supposed significance of intervening claims rests is dictum for the decision rested on the ground that the rights as between the intervening creditor and the mortgagee had been conclusively determined in a prior suit. And surely the mere existence of an intervening claim is not alone determinative,[8] for otherwise a one-day delay might be fatal without even a showing of unreasonableness in the total context.

Finally, reasonableness must be judged in light of the objective of the filing requirement—to enable diligent creditors to know the truth regarding their debtors.[9] And the "consequences to the mortgagee of his neglect should," as Judge Learned Hand once remarked, "be measured by its result upon others."[10] But on the record before us the trustee, who stands in the shoes of the pre-filing

2. See, e. g., Tooker v. Siegel-Cooper Co., 194 N.Y. 442, 87 N.E. 773 (1909); Karst v. Gane, 136 N.Y. 316, 32 N.E. 1073 (1893).

3. Brown v. Atlantic Bank, 259 F.2d 920 (2 Cir. 1958); Matter of Paramount Finishing Corp., 259 N.Y. 558, 182 N.E. 180 (1932); see generally 4 Collier, Bankruptcy ¶70.81 [4] (14th ed. 1962).

4. Reconstruction Finance Corp. v. Weiner, 192 F.2d 760 (2 Cir. 1951), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952); In re Varratos, 159 F. Supp. 730 (S.D.N.Y.1957, 1958), aff'd sub nom. Brown v. Atlantic Bank, 259 F.2d 920 (2 Cir. 1958).

5. No unreasonable delay was found in the following cases: Brown v. Atlantic Bank, 259 F.2d 920 (2 Cir. 1958) (7 days); Reconstruction Finance Corp. v. Weiner, 192 F.2d 760 (2 Cir. 1951), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952) (7 days); Matter of Paramount Finishing Corp., 259 N.Y. 558, 182 N.E. 180 (1932) (6 days); Trimble v. Broun-Green Co., 105 Misc. 210, 172 N.Y.S. 726 (App.T.1918) (6 days). On the other hand, unreason-

able delay was found in the following cases: Zamore v. Goldblatt, 194 F.2d 933 (2 Cir.), cert. denied, 343 U.S. 979, 72 S.Ct. 1077, 96 L.Ed. 1370 (1952) (delay of 29 days "was inadequately explained"); In re Myers, 24 F.2d 349 (2 Cir. 1928) (3½ months unreasonable with respect only to those adversely affected).

6. Trimble v. Broun-Green Co., 105 Misc. 210, 213, 172 N.Y.S. 726, 728 (App.T. 1918).

7. See Reconstruction Finance Corp. v. Weiner, 192 F.2d 760, 762 (2 Cir. 1951), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952); In re Cerda, 119 F.Supp. 740, 741 (E.D.N.Y.1954); Trimble v. Broun-Green Co., 105 Misc. 210, 213, 172 N.Y.S. 726, 728 (App.T.1918).

8. See In re Varratos, 159 F.Supp. 730, 732 (S.D.N.Y.1957, 1958), aff'd sub nom. Brown v. Atlantic Bank, 259 F.2d 920 (2 Cir. 1958).

9. See In re Henningsen, 297 F. 821, 822 (2 Cir. 1924).

10. In re Myers, 24 F.2d 349, 350 (2 Cir. 1928).

creditors, has made no showing whatever that they were prejudiced in any way by the two-week delay. Indeed, it would be unrealistic to assume that creditors with *de minimis* claims of $22.50 or $6.12 were in the least concerned with the bankrupt's secured obligations.

Reversed.