GARRETT A. GOETSCHIUS, Respondent, *v.* BENJAMIN P. BRIGHTMAN et al., Doing Business under the Firm Name of RICE AUTOMOBILE COMPANY, Appellants.

Contract — conditional sales — title — statute declaring void reservations in contract of conditional sale as against subsequent purchaser in good faith, unless contract be filed, not applicable to contract made in foreign State in regard to chattels there situated — innocent purchaser in this State of such chattels brought here without knowledge or consent of conditional vendor acquires no title.

1. Section 62 of the Personal Property Law (Cons. Laws, ch. 41), providing that all conditions and reservations in a contract for the conditional sale of goods and chattels shall be void as against subsequent purchasers in good faith unless such contract be filed as directed, may not be interpreted so as to include attempted regulation of the validity of contracts made without the State in regard to property situated elsewhere. It should not be interpreted as an assertion and

exercise of jurisdiction to regulate rights of property in chattels which are brought within the State without the knowledge or consent of the owner.

2. Where, therefore, a purchaser of an automobile in a foreign State, under a contract of conditional sale providing that title to the automobile should remain in the seller and that it should not be removed from the place of purchase until the purchaser had paid the price in full, without complying with the terms of the contract and without the knowledge or consent of the seller, brings the automobile to this State and here sells it to an innocent purchaser for value, the latter acquires no title. Until the owner is in a position where he can protect his rights by filing, the validity of the conditions and reservation in the contract of sale, recognized by the common law, is not altered by the statutory provisions.

*Goetschius* v. *Brightman,* 214 App. Div. 158, affirmed.

(Argued April 6, 1927; decided May 3, 1927.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 30, 1925, reversing a judgment in favor of defendants entered upon a verdict and granting a new trial.

*J. Harris Loucks* for appellants. The California conditional sale contract was void as to an innocent purchaser for value in New York State. (*Saltus* v. *Everett,* 20 Wend. 267; *Commercial Bank* v. *Canal Bank,* 239 U. S. 520; *Duffus* v. *Howard Furnace Co.,* 15 Misc. Rep. 169; *First Nat. Bank of Chicago* v. *Dean,* 27 Abb. N. C. 281; *Hervey* v. *R. I. Locomotive Works,* 93 U. S. 664; *Snider* v. *Yates,* 64 L. R. A. 353; *Judy* v. *Evans,* 109 Ill. App. 154; *Pulaski Mule Co.* v. *Haley & Koonce,* 187 Ala. 533; *Fuller* v. *Webster,* 95 Atl. Rep. 335; *Hart* v. *Barney,* 7 Fed. Rep. 543; *The Morena,* 19 Fed. Rep. 760.) Equity estops the plaintiff from any claim against the defendants. (*Crocker* v. *Crocker,* 31 N. Y. 507; *Thompson* v. *Blanchard,* 4 N. Y. 303; *Moore* v. *Metropolitan Nat. Bank,* 55 N. Y. 44; *Dows* v. *Kidder,* 84 N. Y. 128; *Jones* v *Commercial Investment Trust,* 64 Utah, 151; *New England Auto Investment Co.* v. *St. Germaine,* 121 Atl. Rep. 398; *Glass* v. *Continental Guaranty Corp.,* 81 Fla.

687; *Gramm-Bernstein Motor Co.* v. *Todd,* 209 Penn. St. 3; *Anglo-California Trust Co.* v. *Pacific Acceptance Corp.,* 232 Pac. Rep. 489; *General Motors Acceptance Corp.* v. *Boddeker,* 274 S. W. Rep. 1016; *Forgan* v. *Bridges,* 281 S. W. Rep. 134; *Emerson-Brantingham Implement Co.* v. *Faulkner,* 241 Pac. Rep. 431.)

*Isadore Bookstein, Leo Levy* and *Daniel J. Dugan* for respondent. The transaction between the original parties was a conditional sale. The contract was not required to be filed or recorded under the California law as it existed at the time of the making of said contract in order to make the reservation of title effective as against innocent third parties. This is the common law of California and was the common law of New York prior to the conditional sales filing legislation. (*Oakland Bank of Savings* v. *California Pressed Brick Co.,* 183 Cal. 295; *Tompkins* v. *Fonda Glove Lining Co.,* 188 N. Y. 261; *Powers* v. *Burdick,* 126 App. Div. 179; Williston on Sales, §§ 336, 337, 338; Mechem on Sales, § 583; *Studebaker Bros. Co.* v. *Mau,* 13 Wyo. 358; 14 Wyo. 68; *Kimball & Co.* v. *Mellon,* 80 Wis. 133; *Knowlson* v. *Sprong,* 10 Wkly. Dig. 81; *Walker* v. *Mitchell,* 25 Hun, 527; *Comer* v. *Cunningham,* 77 N. Y. 391; *Maynard* v. *Anderson,* 54 N. Y. 641; *Moyer* v. *McIntyre,* 43 Hun, 58.) The New York courts, according to the recognized rules of comity, apply the California law as to the effectiveness of the reservation of title in the conditional vendor as against innocent third parties; such application is not in violation of our public policy. (*Graves Elevator Co.* v. *Callanan,* 11 App. Div. 301; *Ohl & Co.* v. *Standard Steel Sections,* 179 App. Div. 637; *Nichols* v. *Mase,* 94 N. Y. 160; *Fairbanks* v. *Bloomfield,* 5 Duer, 434; *Studebaker Bros. Co.* v. *Mau,* 14 Wyo. 68; *Harper* v. *People,* 2 Colo. App. 177; *Baldwin* v. *Hill,* 4 Kans. App. 168; *Cleveland Machine Works* v. *Lang,* 67 N. H. 348; *Shapard* v. *Hynes,* 104 Fed. Rep. 449; *Greenville Nat. Bank* v. *Evans-Snider-Buel Co.,* 9 Okla. 353;

1927.]          Opinion, per LEHMAN, J.          [245 N. Y. 186]

*Farmers' & Merchants' State Bank* v. *Sutherlin,* 93 Neb. 707.)

LEHMAN, J.   On January 8th, 1920, in the city of Albany, N. Y., the defendants purchased a used automobile from one C. W. Oesting, a resident of San Diego, California.   The automobile had been delivered to Oesting in April, 1919, in San Diego, Cal., under a contract of conditional sale made with the Davies Overland Company, a California corporation, as seller.   Under the terms of that contract it was stipulated that title to the automobile should remain in the seller until the buyer had completely carried out all the terms of the contract and paid the full purchase price.   Oesting, the buyer, never paid the installments due under the contract. Though removal of the automobile from San Diego was prohibited under the terms of the contract, Oesting removed it to New York without the knowledge or consent of the seller.

The contract of conditional sale was made in California, between residents of California, and covered property that was situated in California, and by the terms of the contract might not be removed to another State.   Under the law of California, title to personal property, reserved by a seller until the agreed price of the property has been fully paid by the buyer, is superior to any title that may be obtained from the buyer upon subsequent resale by him even to an innocent purchaser for value.   Until the condition is complied with the seller may assert his title against the whole world, though the contract of conditional sale has never been filed.

The contract of conditional sale was never filed in California.   It was never filed in New York.   The defendants bought the automobile from the conditional buyer before the conditional seller knew that it had been removed to New York (Cons. Laws, ch. 41).   Section 62 of the Personal Property Law as it existed at that time pro-

vided that " all conditions and reservations in a contract for the conditional sale of goods and chattels  *  *  * shall be void as against subsequent purchasers  *  *  * in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale  *  *  *  be filed as directed in this article." Section 63 provided that the contract " shall be filed in the city or town where the conditional vendee resides, if he resides within the state at the time of execution thereof, and if not, in the city or town where such property is at such time."

The plaintiff is the assignee of the original California seller. He has replevined the automobile. The jury has found that the defendants are purchasers in good faith. The court at Trial Term has held that, under the provisions of the statute, upon the sale of personal property then situated within this State, a purchaser in good faith from one who has possession of the property under a contract of conditional sale which has not been filed here may acquire a title free from any conditions or reservations contained in such contract, even though in the State where the contract of conditional sale was made it was not necessary to file such contract in order to make it fully valid and enforcible. The Appellate Division has reached the opposite conclusion and has held that under rules of comity the law of the place where the contract of conditional sale was made should govern in the determination of the rights acquired by the defendants upon the purchase of the automobile in this State. We find that even if the rights acquired by a purchaser in good faith through purchase made here of personal property situated here were measured by the law of this State, yet under proper construction of the New York statute the defendants here have acquired no title or rights greater than those possessed by Oesting under the laws of California.

There can be no doubt that the interpretation and effect of the contract of conditional sale made in California

between residents of California concerning personal property then situated in California and which the parties intended should remain in California must be governed by. the law of California, at least in so far as the law of California is not contrary to our own public policy and law. Under the law of California the plaintiff's assignor retained title to the automobile. Oesting, the buyer, obtained right of possession and what for the sake of convenience has been at times denominated, without entire accuracy, as an " incomplete " or " defective " title. In California he could not transfer to a third party a title he did not possess. That still rested in plaintiff's assignor. Oesting removed the property to this State. The question is whether under the laws of this State he might give to a purchaser for value without notice a title free from the defects in his own title.

The State where personal property is situated may unquestionably regulate by its own laws the creation, transfer or enforcement of rights in such property. We may start consideration of the rights of these defendants in the automobile, which Oesting agreed to sell to them, with the premise that Oesting had no title which he could assert against the plaintiff's assignor. It does not follow that the defendants could acquire no title superior to that of plaintiff's assignor if by the laws of the State of New York a seller without title to personal property can confer title upon an innocent purchaser. No rule of comity requires this State to subordinate its public policy in regard to transfer made within the State of property situated here to the policy of the State where the owner of the property resides or where he acquired title. Whoever sends personal property to this State or consents to its removal impliedly submits to the regulations of this State concerning its transfer here. (*Hervey* v. *R. I. Locomotive Works*, 93 U. S. 664.) The rights of parties to transactions within the State in regard to property removed to the State with the consent of the

owner may properly be governed by the law of the State. If by our law notice given by the owner, through record or otherwise, of title retained by him in chattels after he has parted with possession, is a prerequisite to assertion of such title against claims of third parties derived from transactions within the State with the holder of possession, then it has been held that failure to give such notice is not excused by the fact that notice is not required by the State where the owner is domiciled or where he acquired title. Regardless of his own title, the person in possession of the chattel can confer on another those rights, and perhaps those rights only, which by the law of the State where the chattels are situated and the transaction is consummated, may be derived from one in his situation. (See *Marvin Safe Co.* v. *Norton,* 48 N. J. Law, 410; *Fuller* v. *Webster,* 28 Del. [5 Boyce] 538; *Cammell* v. *Sewell,* 5 Hurlstone & Norman, 728; *Hervey* v. *R. I. Locomotive Works, supra.*)

Not in all jurisdictions have the courts applied this rule. In some jurisdictions the rights of a seller who has retained title under a contract of conditional sale are measured by the law of the place where his rights were created, even when asserted in other jurisdictions in which the law accords superior rights to creditors of, or purchasers from, a person in possession. (See Williston on Sales [2d ed.], section 339.) For the purpose of this appeal we may assume that at least as to chattels removed to this State, with the consent of the owner, the courts will measure the rights of those dealing here with the property by our own rules. Even so we find that the defendants have not acquired title to the automobile.

Here the automobile was removed without the consent of the plaintiff's assignor. This court has said that " an owner of property may not be divested of it without his consent, or by due process of law; plainly not by dealing with it by others without his knowledge, assent or procurement." (*Edgerly* v. *Bush,* 81 N. Y. 199.) It may be

that the State where property is found has power to regulate the manner in which right to it may be created or transferred, though the owner never consented to its removal to the State where it is found. At least we may say that exercise of that power is unusual. Unless a regulation of this State is plainly intended to apply to property brought here without the consent of the owner, it is clear that the courts should not extend the local rules so as to deprive the owner of those rights to his property which he possessed before the property was wrongfully removed. Distinction may perhaps be drawn between a case where the property is brought into the jurisdiction by wrongful act of the holder and where it is brought in by accident which had not been foreseen, as in the case of shipwreck. (See *Cammell* v. *Sewell, supra.*) Distinction may perhaps also be drawn where the owner has opportunity to reclaim the goods or to comply with a recording statute after he learns of the removal. In this State the Uniform Conditional Sales Act was adopted in 1922. It provides for recording of conditional sales " within ten days after the seller has received notice of the filing district to which the goods have been removed." (Personal Property Law, section 74.) It has been held that the positive terms of the statute require the courts to apply the statutory rule though it defeats a title otherwise valid. (*Thayer Mer. Co.* v. *First National Bank of Milltown*, 98 N. J. Law, 29; affd., 98 N. J. Law, 907.) We need not now decide whether, when the question is presented to us, we shall reach similar conclusion.

In this case the question is not complicated by any special features. The automobile was brought to the State without the knowledge or consent of the original seller and in disregard of his rights. The defendants claim title through a transaction which was consummated before the seller had notice of the presence of the automobile here. We need not pass upon the *power* of the State to regulate rights of property in the automobile

so brought here.   We hold that it has not attempted to exercise such power by the provisions of the statute then in force.

At common law in this State, as in California, the title of a seller under a contract of conditional sale could be enforced against all the world.   For the protection of subsequent purchasers the Legislature has enacted that conditions or reservations in such a contract are void against subsequent purchasers unless the contract is filed. Common-law rights still exist here except as modified by the statute.   Clearly the statute may not be interpreted so as to include attempted regulation of the validity of contracts made without the State in regard to property situated elsewhere.   It should not be interpreted as an assertion and exercise of jurisdiction to regulate rights of property in chattels which are brought within the State without the knowledge or consent of the owner. It provides for filing of contracts of conditional sale in the city or town " where the conditional vendee resides " or where the property is at the time.   If the conditional vendee resides outside of the State and the property is not in the State, the contract *cannot* be filed.   The statute has no application to a contract made under conditions which render compliance with the statute impossible.   (*Lane* v. *Roach's Banda Mexicana Co.*, 78 N. J. Eq. 439.)   At least until the owner is in a position where he could protect his rights by filing, the validity of the conditions and reservation in the contract of sale, recognized by the common law of California which is also in effect in this State, except as modified by statute, is not altered by the statutory provisions.   That is the only question we need now decide.

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.