### In re BOWMAN.

District Court, N. D. New York.   October 24, 1928.

Olmsted, Van Bergen & Preston, of Syracuse, N. Y., for Mack International Motor Truck Co.

Wm. J. Gardinier, of Herkimer, N. Y., for trustee in bankruptcy.

COOPER, District Judge. This is a review, at the instance of the trustee, of the decision of the referee in bankruptcy, F. J. De La Fleur, of Utica, N. Y., upholding the claim of the Mack International Motor Truck Company to six Mack trucks. The facts are somewhat voluminous, and only the essentials need be stated. On June 20, 1927, the truck company received from the bankrupt, as part consideration for the purchase price of seven Mack trucks, a conditional contract of sale reciting the retention of title to the trucks in the truck company until the notes evidencing the balance of the purchase price were paid. This conditional contract of sale was shortly thereafter duly filed in the proper clerk's office in the city of Little Falls, in which place the bankrupt resided and still resides.

The bankrupt was in the business of sup-

plying trucks to road contractors, and his trucks were sent to various parts of the state during the summer season and brought back to Little Falls in the winter for storage and reconditioning. On November 19th, being then in default of payment of note due October 20th, the bankrupt at the office of the truck company in Syracuse arranged with its local manager upon the payment of $213 to reduce the amount of the monthly payments and thereby extend the time for the final payments. A new conditional contract of sale was drawn on that date and dated November 20th to effectuate the new arrangement. The new arrangement was not completed nor the papers delivered on that date because the bankrupt was not then able to pay the $213.

On November 26th he paid the $213 at the office of the truck company and the new conditional contract of sale and the new notes were delivered. On November 28th it was discovered that the new contract of sale and the new notes were dated November 20th, which was Sunday. This was not acceptable to the truck company. Thereupon a representative of the truck company went to the bankrupt's residence or place of business in Little Falls, N. Y., and a new conditional contract of sale and new notes were made identical with those delivered on the 26th, except that both contract and notes bore date of November 19th instead of November 20th. This new conditional contract of sale was filed in the proper office in Little Falls on December 1, 1927, and no question is made as to the regularity of that filing.

On November 24, 1926, six of the seven trucks were removed from a place in Orange county to Pike, Wyoming county. On November 26, 1928, in connection with the completion of the new financial arrangements for payment of the balance on the trucks, the bankrupt told Borthwick, the truck company's Syracuse manager, the following, in the language of the finding of the referee:

"That the said six trucks were at Pike, N. Y., and told the said Borthwick that he had made an arrangement to do the trucking at Pike, N. Y., for a contractor at a certain hourly rate; that he was not familiar with the conditions under which the trucks would be working, and, due to that fact and to the uncertainty of the weather conditions, he could not tell whether the use of such trucks under such arrangement at Pike, N. Y., would be profitable; that he was going to try it for a little while and if the work

did not turn out to be profitable he would quit and bring the trucks home to Little Falls, and no other information with reference to the whereabouts of the said trucks was given to the Mack International Motor Truck Corporation or any of its officers until subsequent to the filing of the petition in bankruptcy herein on or about the 9th day of January, 1928; that, during the period from November 24, 1926, until the filing of such petition in bankruptcy, the said six trucks had remained at Pike, N. Y., and that at the time of such bankruptcy were stored at Pike, N. Y., in a barn; that on or about the 20th day of January, 1928, there having been default in the payment of one of the said notes falling due on that date, the Mack International Motor Truck Corporation made inquiry to discover the location of the said seven trucks and learned that six of them were at Pike, N. Y., and one at Little Falls, and that on the 20th day of January, 1928, the Mack International Motor Truck Corporation seized and repossessed six trucks which were located at Pike, N. Y., and brought them to the city of Syracuse upon the following day, and since that time have had them in their possession at said place, and that shortly thereafter the truck covered by said contract which was at Little Falls, was also repossessed by the Mack International Motor Truck Corporation and taken to the city of Syracuse, where it has since remained in possession of the Mack International Motor Truck Corporation."

The referee also found that there was no equity for the trustee in the trucks beyond the amount unpaid thereon.

The trustee claims that the removal of the trucks from Orange county to Pike, Wyoming county, was a removal from one filing district to another filing district within the state, and that the truck company had notice of such removal on the 26th day of November, by reason of the oral statement made by this bankrupt, and did not file a copy of the conditional contract of sale in the filing district including Pike, N. Y., as required by section 74 of the Uniform Conditional Sales Act (section 74 of the Personal Property Law of New York [Consol. Laws, c. 41]), and that, by reason of such failure to file, the conditional contract of sale is void under section 65 of the same article, and the trustee is entitled to the trucks.

The truck company contends that the transfer of the trucks from Orange county to Pike, N. Y., was not a removal within the meaning of the statute, that the truck com-

pany had no written notice of such removal signed by the bankrupt as required by section 73 of the same statute, and that, in any event, the final conditional contract of sale having been made and delivered on the 28th of November and filed on the 1st of December, there was no removal from one filing district to another after either of those dates.

If the conditional contract of sale is to be taken as effective on November 28th, as the truck company contends, then there was no removal of any kind thereafter, and the trustee must fail. Parties may undoubtedly by agreement change their contract as often and in as many respects as they like and make new contracts at will, and the last one will prevail, provided the rights of third parties have not intervened. It does not appear in this case that there were any creditors whose claims arose between November 19th and November 28th or that any one forbore to sue the bankrupt by reason of the presence of the trucks in Pike from November 24 to December 1, 1927, the filing in the office at Little Falls on December 1st of the conditional contract of sale bearing date of November 19th, or for any other reason.

But even if the new conditional contract of sale must be deemed to have been made or delivered on November 19th or even that the old conditional contract filed on June 25, 1927, controls, the trustee still cannot prevail. In the absence of statute, the common law prevails. Under the common law, conditional contracts of sale, chattel mortgages, and other like instruments are valid without filing in any public office. Goetschius v. Brightman, 245 N. Y. 186, at page 194, 156 N. E. 660; In re Myer et al. (D. C.) 19 F.(2d) 600.

The truck company has complied with all the requirements of the statute with reference to the original filing of its conditional contract of sale. The question then is, Did it have a duty to perform under the requirements of section 74 of the act relating to removal of the chattels, and, if so, did it perform such duty? Sections 73 and 74 seemingly are co-ordinate with each other. Section 73 outlines the duties of the buyer with respect to the seller, and provides the penalties for his disobedience. Section 74, predicated upon a buyer having performed his duties under 73, outlines the duties of the seller to purchasers and creditors and the penalties for disobedience thereto. Section 73 provides in part as follows:

"Prior to the performance of the condition, no such buyer shall remove the goods from a filing district in which the contract or a copy thereof is filed, except for temporary uses for a period of not more than thirty days, unless the buyer not less than ten days before such removal shall give the seller personally or by registered mail *written* notice of the place to which the goods are to be removed and the *approximate time of such intended removal.* * * * If any buyer does so remove the goods, * * * without such notice * * * the seller may retake possession of the goods, and deal with them as in case of default in payment of part or all of the purchase price."

Section 74, outlining the duties of the seller, provides in part as follows:

"When, prior to the performance of the condition, the goods are removed by the buyer from a filing district in this state to another filing district in this state in which such contract or a copy thereof is not filed, * * * the reservation of the property in the seller shall be void as to the purchasers and creditors described in section 65, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed. * * * The provisions of section 71 regarding the duration of the validity of the filing and the necessity for refiling shall apply to contracts or copies which are filed in a filing district other than that where the goods are originally kept for use by the buyer after the sale."

Section 71 provides for refiling within thirty days prior to the expiration of *three* years.

It will be seen that the removal contemplated by sections 73 and 74 is not a temporary and transitory removal. There is the idea of permanence and continuance in new location about the word "removal" as used in these two sections, else why the provision in section 74 that the three years' refiling rule of section 71 shall apply to the filing district to which the articles are removed as well as to the filing district in which the contract was originally filed? These two sections, taken together, are evidently intended to cover permanent removal from one filing district to another. The buyer is to give the seller ten days' notice of the district to which the removal is to be made and the time of the intended removal. The seller must then file a copy of the instrument in the new filing district within

ten days after the receipt of such notice, so that the filing in the new district will concur with or anticipate the time of the arrival of the chattels in the new district. There is thus no opportunity for any time to intervene between the time of the arrival of the chattels in the new district and the time of the filing of a copy of the conditional copy of sale in the new district.

Surely this more or less elaborate machinery cannot be intended for any temporary, transitory change of location, and is evidently intended only for permanent and continuous change.

True, section 73 exempts the buyer from giving the written notice where the removal is "for temporary uses for a period not more than thirty days" and inferentially requires him to give the written notice where the temporary removal is intended to be for more than thirty days, or perhaps actually continues more than thirty days. This is in the section defining the duties of the buyer with reference to the seller and providing that violation of the duties of that section puts the buyer in default as if he had failed to make the prescribed "payment of part or all of the purchase price."

This thirty days' clause has no relation to the seller unless he receives written notice from the buyer that the temporary removal "is continuing more than thirty days," or, as assumed in this memorandum, the seller has otherwise actual and complete knowledge to that effect.

In the case at bar, the buyer never gave to the seller any ten days' written notice of intention to remove. Both buyer and seller are presumed to know the law and that it was the duty of the buyer to give such written notice. If the buyer does not give such written notice, the seller cannot ordinarily be in default for failure to file a copy of the contract in the new district. But, if the seller had actual, unequivocal, and full knowledge that the buyer intended to make such removal as is provided in section 73 of the statute, it will be assumed for present purposes that such notice would be equivalent to a written notice and the duty of the seller to file under the new district would arise.

In the case at bar, did the seller have any such knowledge as is here deemed to be equivalent to such notice? The referee has found, in substance, that on the 24th of November the bankrupt buyer told the seller's agent that six of the seven trucks were at Pike and he had made some arrangements to do some trucking for a contractor there at an hourly rate; that he was not familiar

with the conditions, and could not say whether the use of the trucks under such arrangement would be profitable, and that he was going to try it for a while, and, if the work did not turn out to be profitable, he would bring the trucks home to Little Falls. Certainly there was no suggestion of a permanent and continued removal in any such information, in view of the time which the notice was received, November 24th and the probable time which the weather would permit good roads trucking work to be done. There was rather a suggestion of the usual temporary removal for some particular work which might be shorter than usual because of weather conditions.

There was no suggestion that the trucks would stay as long as the thirty days specified in section 73 as some sort of measure of temporary removal. Since both seller and buyer are presumed to know their duties under the law, may not the seller rely upon the buyer doing his duty under the law and giving ten days' written notice of any such permanent removal as is contemplated by sections 73 and 74 of this statute?

Under the scheme of these two sections, the seller suffers no penalty and is under no duty to purchasers or creditors in case of removal by the buyer until the buyer has performed his duties under section 73 and given the ten days' written notice of the intended removal and the time thereof, or at least until the seller has knowledge equivalent thereto.

It would be a harsh rule that would make this passing statement about the then location of the trucks in transitory work, undoubtedly spoken of to give some sort of assurance that money would be obtained from the operation of the trucks with which to pay the immediate payments due on the balance of the purchase price, the equivalent of such notice of removal as is contemplated by the said sections 73 and 74.

The referee specially finds that the seller had no other or further notice, written or oral, concerning the trucks from the 24th day of November until January 20th. There is nothing shown to give the seller notice that the usual custom of returning the trucks to Little Falls for storage and reconditioning had not been followed in the fall and winter of 1927-28 or to put the seller to inquiry concerning the same.

The common-law rights of the seller under a conditional contract of sale may be limited or defeated by failure to comply with a statute laying down conditions for the seller to perform in such circumstances,

but, unless it is clear that the Legislature intended the statute to cover a seller situated as the seller is here situated, the seller is not affected by the statute. Goetschius v. Brightman, 245 N. Y. 186, 156 N. E. 660, supra.

There seems little to support the view that section 74 imposes any duty on the seller under the circumstances here shown. The better view is that there was not only no removal within the meaning of sections 73 and 74, but that, if there were such removal, the seller had no written notice of any such removal within the meaning of sections 73 and 74, either intended or completed, or any knowledge equivalent thereto, and that therefore there was no duty of filing incumbent on the seller, and his rights to the trucks under the conditional contract of sale remain unimpaired.

Neither the industry of counsel nor that of the court has been able to discover any cases in the courts of the state of New York or elsewhere construing the meaning of the word "removal" within the meaning of those two sections. The cases cited from other jurisdictions have little or no analogy, and will not be discussed.

The order of the referee is affirmed.