## In re BOWMAN.

### GARDINIER v. MACK INTERNATIONAL MOTOR TRUCK CORPORATION.

Circuit Court of Appeals, Second Circuit.
December 2, 1929.

### No. 47.

William J. Gardinier, of Herkimer, N. Y., for appellant.

Olmsted, VanBergen & Preston, of Syracuse, N. Y. (A. Lee Olmsted, of Syracuse, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS. N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). ■ Under the New York law, conditional sales contracts must be filed in the office of the city clerk of the city in which the purchaser resides. If the property which is the subject of the sale shall be removed from the filing district, the seller is required under certain conditions to file the contract, or a copy thereof, in the filing district to which the goods are removed. If the seller fails to comply with this requirement, the reservation of the property in the seller

becomes void as to purchasers from, or creditors of the buyer who, without notice of the reservation of title, purchase the goods or acquire by attachment or levy a lien upon them. The trustee in bankruptcy is given by the Bankruptcy Act (11 USCA) the status of an attaching creditor. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; In re Master Knitting Corporation (C. C. A.) 7 F.(2d) 11.

The question here is whether there has been such a removal as made it necessary for the seller to file the contract, or a copy thereof, in the filing district to which the goods subject to conditional sale were removed.

Section 73 of the New York Uniform Conditional Sales Law (Consol. Laws, c. 41, art. 4) provides that:

"Prior to the performance of the condition, no * * * buyer shall remove the goods from a filing district in which the contract or a copy thereof is filed, except for temporary uses for a period of not more than thirty days, unless the buyer not less than ten days before such removal shall give the seller personally or by registered mail written notice of the place to which the goods are to be removed and the approximate time of such intended removal * * *. If any buyer does so remove the goods, * * * without such notice or in violation of the contract, the seller may retake possession of the goods and deal with them as in case of default in payment of part or all of the purchase price. * * *"

The foregoing provisions indicate that the buyer is intended to have the right of removal of the goods "for temporary uses for a period of not more than thirty days," that a transfer for temporary uses for a shorter period is not a removal within the meaning of the statute, and that the buyer is not required to give notice to the seller of removal for temporary uses in order to prevent a default, unless it is for a longer period.

Section 74 of the New York Conditional Sales Law, which particularly governs the rights of creditors of buyers under conditional sales contracts, contains the following provisions:

"When, prior to the performance of the condition, the goods are removed by the buyer from a filing district in this state to another filing district in this state in which such contract or a copy thereof is not filed, or are removed from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section sixty-five, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed. * * *"

It is contended on behalf of the Mack Corporation that the notice prescribed in section 74 must be such a written notice as the buyer is required to give the seller under certain circumstances by the terms of section 73. But we are not persuaded that this is so. The precise language of section 73 requiring such written notice and the omission in section 74 of any provision for *written* notice would seem to leave the word "notice" in section 74 with its usual and natural meaning of an actual notice, however conveyed. If the seller has actual notice of the kind of removal contemplated by the statute, he is in a position to protect creditors by filing in the district to which the goods have been removed and in our opinion he is bound to take this step. Such an interpretation effectuates the general purposes of the act. The decisions under the New York Uniform Conditional Sales Act, as well as the New Jersey statute, seem to indicate that knowledge of removal on the part of the seller is the equivalent of notice, whether given orally or in writing. Goetschius v. Brightman, 245 N. Y. 186, 156 N. E. 660; Thayer Mercantile Co. v. First National Bank of Milltown, 98 N. J. Law, 29, 119 A. 94, affirmed 98 N. J. Law, 907, 121 A. 927.

As we have shown, the buyer has a right to remove for temporary uses for a period of not more than 30 days. If this be so, the notice provided by section 74 as a basis for requiring refiling by the seller must be a notice that the buyer has exceeded his rights of removal for temporary uses. We cannot regard such a notice as having been given by Bowman to the Mack Corporation.

It must be remembered that rolling stock, like motor trucks, for considerable periods has no actual local situs. The very purpose of its being is mobility, often at long range. This was pointed out by the Supreme Court of New Jersey in Hare & Chase, Inc., v. Tomkinson, 129 A. 396. There a truck which constantly plied from Philadelphia (where it was usually housed between trips) to Atlantic City was held not "removed" from Philadelphia to New Jersey, within the meaning of the Conditional Sales Act of that state (P. L. N. J. 1919, p. 461).

It is difficult to apply the provisions of the Conditional Sales Act for filing to various situations that may arise in the disposition of mobile property like motor vehicles, but it would seem in any event exceedingly important that the seller should have definite information that such ambulatory chattels have been removed from the filing district in contravention of the rights given to the buyer by that act.

Here the Mack Corporation had no information about the duration of the removal, but it was justified in believing that it was for temporary uses and it had a right to suppose, if the period of removal was to exceed 30 days, that the written notice provided for in section 73 would have been given. Valuable rights ought not to be destroyed by vague information capable of various inferences, and a seller under a contract of conditional sale should not be required to treat every movement of a motor truck as notice that the buyer is to remove it from the filing district for more than thirty days. He is not, in our opinion, required to speculate about the duration of the removal.

The notice to be effective under section 74 must indicate in words or substance that the removal for a temporary purpose is to exceed or has exceeded a period of 30 days. We hold that no such notice was given here and that the information received was insufficient to require refiling under section 74, supra.

The order of the court below is accordingly affirmed.