HORACE M. FARNHAM, Respondent, *v.* ALBERT EICHIN, Appellant.

Third Department, November 19, 1930.

*Fred W. Dudley,* for the appellant.

*Frank B. Wickes,* for the respondent.

VAN KIRK, P. J. The action is in conversion. The court directed a verdict for plaintiff for an agreed amount.

On March 25, 1927, one Hill, purchased of plaintiff a team of horses and gave in payment his note due four months after date; at the same time he executed and delivered to plaintiff as security therefor a chattel mortgage on this team with other property. At that time both plaintiff and Hill were residents of the town of

Rochester in the State of Vermont; the mortgage was recorded in that town on March twenty-sixth. This was in full compliance with the statute of Vermont. Shortly thereafter Hill took the team of horses across Lake Champlain to Sabbath Day Point in the State of New York, where he had secured employment with his team on highway construction. On June 27, 1927, Hill sold the team of horses and delivered them to one who on July seventh or eighth following sold them to this defendant. The note was renewed from time to time and the interest, with parts of the principal, paid; the last renewal was made on August 25, 1928, when a note due in two months was given. At its maturity, this note was not renewed. The plaintiff then sought and found his horses in the possession of defendant in the State of New York. He demanded possession of the horses; defendant refused, and this action was brought.

That the mortgage was valid under the laws of the State of Vermont and was properly recorded is undisputed. Under the facts existing and under the general rule in this State this mortgage protects the right of the mortgagee in the property covered by it when brought into this State and an action to enforce that right may be maintained here. (*Ætna Ins. Co.* v. *Aldrich*, 26 N. Y. 92, 96; *Nichols* v. *Mase*, 94 id. 160, 166.) It was for the defendant to show that this right had been lost and that he had secured good title to the team.

The defendant urges that the laws of Vermont " are in contravention of the policy and the laws of this State " in that no periodical refiling of the mortgage is required in Vermont as in this State. (Lien Law, § 235, as amd. by Laws of 1915, chap. 608.) We find no merit in this contention. The property was sold and came into possession of this defendant within four months after the recording of the mortgage in Vermont.

It is further contended that the court should have submitted to the jury the question " whether or not plaintiff did clothe Hill with apparent authority to deal with these horses as his own." The plaintiff testified that he knew that Hill had taken the horses into the State of New York and had gone there with his wife. But there is no proof that he had this knowledge prior to July 25, 1927, when the note was first renewed. That renewal showed the address of the mortgagor to be " Sabbath Day Point, N. Y." The team was sold and defendant purchased it before this renewal. Further there is no proof that Hill's employment in New York was more than temporary and it does not appear that he went into the State of New York except for the purpose of and during his employment upon the highway construction. We find no proof on

which it could be found that the owner is by his conduct precluded from denying the seller's authority to sell. (Pers. Prop. Law, § 104, added by Laws of 1911, chap. 571.) Possession alone does not give authority to pass a valid title. (*Farmers & Mechanics' Nat. Bank* v. *Logan,* 74 N. Y. 568, 586; *Spraights* v. *Hawley,* 39 id. 441.)

The court properly directed a verdict under *Nichols* v. *Mase* (*supra*) and *Goetschius* v. *Brightman* (245 N. Y. 186).

The judgment should be affirmed, with costs.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Judgment affirmed, with costs.