Alfred Mack, J.
Undisputed facts herein are as follows:
On August 30, 1929, Ringgard Motors sold to William H. Chase, at Rochester, N. Y., one 1929 Ford coupe, serial number 2170104, by conditional sale contract signed by the parties and recorded in the office of the clerk of the county of Monroe, New York, (said county being the county wherein Rochester is situated) in accordance with the provisions of New York Personal Property Law, Chapter 42, Articles 65 and 66. Said instrument was filed for record in said office on August 31, 1929.
*487 On September 3, 1929, said Ringgard Motors assigned such contract to plaintiff, Universal Credit Co., for value.
Thereafter, on October 15, 1929, defendant, John Reising, filed with the clerk of courts of Hamilton county, Ohio, a sworn statement of ownership of such specified Ford coupe, dated October 14, 1929, and stating that said auto had been purchased by him from William H. Chase, of Rochester, N. Y., October 14, 1929.
Thereafter, on December 19, .1929, Reising sold to one Scherer, of Los Angeles, California, said specified auto by bill of sale.
Thereafter said Universal Credit Co. commenced in the Municipal Court of Cincinnati an action in conversion against Reising to recover the value of the automobile at the time of such conversion, which was the sum of $435.00. .Said automobile had been removed from the state of New York without the knowledge or consent either of Ringgard Motors or The Universal Credit Co., its assignee. No payments had been made by any one in accordance with said conditional sale.
At the conclusion of plaintiff’s case developing the foregoing evidence the trial judge took the matter under advisement, and later stated in a memorandum opinion that the facts came substantially within the facts stated in North British & Mercantile Insurance Co. v. Garber, 27 Nisi Prius Rep. (N. S.) 175, and Boyer v. Knowlton Co., 85 O. S., 104, and dismissed the petition.
.This court is of opinion that neither of said cases is in point. As to the former case, it was one where an auto had been sold in Utah under a contract of conditional sale and no record thereof was ever filed in Utah. As to the latter case, it is one where although the contract of conditional sale was made in another state, the subject-matter of such contract was situated in Ohio, and therefore the law of Ohio was held applicable.
As early as 1857 our Supreme Court in Kanaga v. Taylor, 7 O. S., 134, announced the principle of law applicable to the case at bar. In that case a citizen of New York took a chattel mortgage from G, also a citizen of New York, *488 conditioned to secure unpaid purchase money for a piano. Such mortgage was recorded in New York. Thereafter G removed to Ohio, taking the piano with him without the knowledge or consent of the seller. Thereafter G sold the piano in Ohio to a third party, who had no knowledge of the recorded mortgage for unpaid purchase price. It was held that the removal of the mortgagor into this state does not render a new record or filing of the mortgage in this state necessary. It was also held by thé law of comity between states that the law of New York controlled as to the validity of the contract and that the mortgagor could assert his rights to the mortgaged property in Ohio against such Ohio purchasér. At page 142 the court says:
“Holding this instrument, then, as the plaintiff did, as a legal and valid one, by the law in force where he obtained it, he was entitled to enforce it; but as the power to do that had been cut off by the removal of the property beyond. the jurisdiction of the state, it was proper for him to sue in the courts of this state, and to derive the same relief by his action, as if he were pursuing a remedy where the contract was made.”
Such decision has been cited with approval by the court in the case of Bank v. McLeod, 38 O. S., at page 180.
In the well considered case of Goetschins v. Brightman, 245 N. Y., 186, the opinion was delivered by Lehman, J., and concurred in by Cardozo, C. J., and all the other judges. In that case an automobile was sold in California by a corporation of that state to a resident of that state. Under the terms of the contract title was to remain in the seller until full payment of purchase price. The purchaser, without the knowledge or consent of the seller, removed the automobile to New York. The contract of conditional sale was never filed in California or in New York. It was not required to be filed in California to be valid. Defendants bought the automobile in good faith from the purchaser before the Seller knew it had been removed to New York. A replevin suit for the automobile by the assignee of the California seller was sustained. At page 193 the court says:
*489 “Unless a' regulation of this state is plainly intended to apply to property brought here without the consent of the owner, it is clear that the courts should not extend the local rules so as to deprive the owner of those rights to his property which he possessed before the property was wrongfully removed.”
New York, like Ohio, required conditional sales in the state to be recorded. In holding that such statute did not require a record in that state where the personal property had been situated in another state at the time of sale and was wrongfully removed therefrom, the court said at page 194:
“Clearly the statute may not be interpreted so as to include attempted regulation of the validity of contracts made without the state in regard to property situated elsewhere. It should not be interpreted as on assertion and exercise of jurisdiction to regulate rights of property in chattels which are brought within the state without the knowledge or consent of the owner. It provides for filing of contracts of conditional sale in the city or town ‘where the conditional vendee resides’ or where the property is at the time. If the conditional vendee resides outside of the state and the property is not in the state, the contract can not be filed. The statute has no application to a contract made under conditions 'which render compliance with the statute impossible. (Lane v. Roach’s Banda Mexicana Co., 78 N. J. Eq. 439). At least until the owner is in a position where he could protect his rights by filing, the validity of the conditions and reservation in the contract of sale, recognized by the common law of California which is also in effect in this state, except as modified by statute, is not altered by the statutory provisions. That is the only question we need now decide.”
In the opinion of this court the principles of law announced by our Supreme Court and by the Court of Appeals of New York are concisely stated by the American Law Institute in the tentative restatement of the law of Conflict of Laws, as follows:
“Section 292. Whether a sale of chattel under .which possession is delivered to the vendee and the title is to vest *490 in the vendee at a subsequent time upon the payment of a part or all of the price, or upon the performance of any other condition or the happening of any contingency, is effective to retain title in the vendor depends upon the law of the state where the chattel is situated at the time of the sale.
“Section 293. If by the law of the state where a chattel is situated at the time of a conditional sale the title remains in the vendor, his title will be recognized in another state into which the chattel is subsequently taken although by the law of the latter state a vendor under a conditional sale does not retain title.
“Section 299. The validity of a lien on a chattel is determined by the law of the state where the chattel is situated at the time when the lien is created.”
This court had a somewhat analogous question before it in Johannas v. Henley, which was taken to the Court of Appeals and an opinion handed down by that court in case No. 4543 on the docket of said court, and wherein it was held that an artisan who makes repairs on an automobile in this state has a claim for such repairs upon such automobile purchased in another state and removed therefrom without the consent of the seller, who retained title under a conditional bill of sale,. The decision in that case, however, recognized that a valid mortgage upon chattel property executed and recorded in the state where the property is situated, will be enforced in Ohio if such property is thereafter removed to Ohio without the consent or knowledge of the mortgagee.
Argument, is advanced, that .the conditional bill of sale in the instant case was not sworn to, as would be required if the transaction were in Ohio, and under our laws. However, in the opinion of the court, the requirements, validity and record of a conditional sales contract effected in New York, and under the laws of that state, are governed solely by the laws of- that state.
As to the case of Industrial Bank v. Kerland, 31 N. P. (N. S.) 385, decided by Wanamaker, J. in the Court of Common Pleas of Summit county, this, court is of opinion that the decision therein was correct, and accords with *491 that of our Court of Appeals in said above mentioned case of Johannas v. Henley. As to some of the expressions contained in said opinion, it is sufficient to say that they are obiter and apparently contrary to the rule announced in Kanaga v. Taylor, 7 O. S., 184.
It follows from the foregoing that the judgment of the Municipal Court of Cincinnati will be reversed and the cause remanded for further proceedings in conformity with this opinion.