This action was submitted to the court for determination upon a Stipulation of Facts and Briefs. Shortly, it appears that defendant, on September 1, 1944, purchased a 1937 La Salle sedan from one John O. Noble and under the designation prescribed for liens in the Bill of Sale, the word "None" appears. On the same day, defendant sold said automobile to plaintiff, subject to a finance contract made with the Englewood Auto Finance Co., as noted in the Bill of Sale. On said day, without the knowledge of either plaintiff or defendant, both of whom were bona fide
purchasers for value without actual notice, there existed a chattel mortgage covering said automobile, held by Gotham Credit Corporation of New York, which mortgage had been obtained by Noble with New York registration, and which was filed in the Office of the Register of the County of Bronx in the State of New York. Said mortgage was not recorded in the Bergen County Clerk's Office, nor was it noted in the records of the New Jersey Motor Vehicle Department, and in an action by a subsequent purchaser from plaintiff, based upon the chattel mortgage, plaintiff suffered a default judgment to be entered against him, without notice to this defendant. Damages of plaintiff herein are stipulated at $677, and the action is based solely upon an alleged breach of implied warranty of title.
Where there seems to be a scarcity of reported cases in New Jersey, the great weight of authority is to the effect that a *Page 507 
chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum. There being no evidence of fraud, and it appearing that the transaction violated neither the settled law or policy of this state, I am forced to the conclusion that the chattel mortgage registered in New York was a valid and subsisting lien at the time of the sale to plaintiff.
A generally similar situation was presented in Parr v. Brady,37 N.J.L. 201, and the court there held that:
"There is no reason or policy in our common law why we should deny to a New York mortgage, free from fraud, the same effect here as it would have there."
Any actual fraud perpetrated was on the part of Noble, who is not a party to this action, for the Bill of Sale into him disclosed the lien, whereas his application to the New Jersey Motor Vehicle Department for duplicate title papers specifically set forth that there were no encumbrances, and the Bill of Sale from him to the defendant herein definitely represented liens as "None."
My conclusion is that plaintiff is entitled to judgment against defendant in the stipulated amount of $677 with costs to be taxed. *Page 508