In re George **VARRATOS** and John Karaliotis, ind. and as co-partners d/b/a Western Food & Bar.

United States District Court
S. D. New York.

Dec. 11, 1957.

On Motion for Reargument

Feb. 14, 1958.

Sydney L. Bleicher, New York City, for creditor.

William S Brown, New York City, pro se.

THOMAS F. MURPHY, District Judge.

This is a petition to review an order of Referee Stephenson adjudging void two chattel mortgages that were each filed seven days after execution, on the ground that they were not filed within a reasonable time.

It is undisputed that both chattel mortgages were filed within seven days of their execution, to wit, May 10, 1955, and July 18, 1956. The voluntary petition in bankruptcy was filed on July 2, 1957. No proof was offered whether or not a creditor came into existence during either seven day period between execution and filing.

Although opportunity was afforded, no explanation was forthcoming before the referee as to the seven day delay and it was obvious that the mortgages could have been filed any day during the seven days by a short half-hour journey to the recording place. Accordingly, he held that they were not filed within a reasonable time.

Petitioner argues (1) that as a matter of law seven days is not an unreasonable time, Reconstruction Finance Corp. v. Weiner, 2 Cir., 1951, 192 F.2d 760, and (2) that by the 1952 amendment to § 70, sub. c of the Bankruptcy Act property not in the actual or constructive possession of the Bankruptcy Court should not be subject to its summary jurisdiction. The Trustee, relying on the language of Constance v. Harvey, 2 Cir., 1954, 215 F. 2d 571, 575, certiorari denied 1955, 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716, argues that since the issue of reasonable time was determined by the referee adversely to petitioner the referee was correct in setting the mortgages aside without the necessity of proof of the existence of a creditor during the period between execution and filing.

The referee, analyzing the statute and New York cases, correctly stated: "The statute, § 230 of the Lien Law, provides that a chattel mortgage is absolutely void as against the creditors of the mortgagor unless the mortgage or a true copy is filed as directed. The cases have held, and it is reasonable construction, that creditors mean creditors who became such after the mortgage was executed and prior to its filing. If they became creditors after its filing, it is valid to them. The statute does not say that

in order to be void the creditors must be subsequent creditors, but it is a reasonable construction to hold that it can only apply to subsequent creditors."

Having found that the seven day delay was unreasonable the referee next construed the effect of § 70, sub. c of the Bankruptcy Act (11 U.S.C.A. § 110). He held, "Under § 70 [sub.]c of the Bankruptcy Act the trustee is vested as of the date of bankruptcy with all the rights, remedies and powers of a creditor then holding a lien thereon, by legal or equitable proceedings; whether or not such a creditor exists. Now a creditor who became such as to the first mortgage between May 4th and May 9th, 1955, would be a creditor who could have voided that mortgage, and a creditor who became such between July 12, 1956 and July 17, 1956, could have been such a creditor. Therefore, a creditor could exist. It doesn't have to actually exist under this Act, and therefore under this section it is void as to the trustee."

Our difficulty on this petition for review is reconciling the referee's finding that the seven day delay was an unreasonable time, with the holding by the Court of Appeals in Reconstruction Finance Corp., supra, that as a matter of law seven days is not an unreasonable time. If it is not an unreasonable time then the mortgages were filed on time and, pursuant to statute, are valid liens. If the mortgages are valid liens, having been filed on time, it would appear that the Trustee has no rights whatsoever despite § 70–c since he would be only in the position of a creditor that came into existence and even if such a creditor might have existed he would have no rights if the mortgages were filed within a reasonable time.

■ Feeling bound, therefore, by the interpretation of the Court of Appeals that seven days is a reasonable time, we hold that the mortgages are valid liens and the Trustee's petition should not have been granted by the referee and his order is reversed.

This is an order. No settlement is necessary.

On Motion for Reargument

The Trustee's motion for reargument is granted.

The Trustee argues that this court's order dated December 11, 1957, reversing the order of Referee Stephenson is erroneous because we misconstrued the effect of two New York cases that the United States Court of Appeals relied on in Reconstruction Finance Corp. v. Weiner, 2 Cir., 1951, 192 F.2d 760. In substance it is argued that the New York law, which admittedly is controlling, is to the effect that the period of time in each particular case is a question of fact and not of law, and that since the referee found as a fact that the period involved in the instant case was unreasonable the district court, pursuant to General Order No. 47, 11 U.S.C.A. following section 53, must adhere to such finding of fact unless "it is clearly erroneous."

While the argument is not without some merit, nevertheless we feel that the United States Court of Appeals in the Reconstruction Finance Corp. case on undisputed facts alleged in a petition held as a matter of law that seven days was not an unreasonable time, and we feel bound by its interpretation of the New York law.

We realize, too, that the Trustee must ask for leave to appeal from our decision since the amount of the estate is under $500 (11 U.S.C.A. § 47, sub. a). Accordingly, we express the hope that the Court of Appeals will grant leave to appeal and resolve this important question.

On reargument, therefore, the memorandum previously rendered is adhered to.

This is an order. No settlement is necessary.