**In the Matter of Dorothea LaPRESS, Bankrupt.**

**No. 46561.**

United States District Court
W. D. New York.

March 30, 1962.

Davis, McElvein & Nesper, Buffalo, N. Y. (James M. Nesper, Buffalo, N. Y., of counsel), for appellant.

Jules J. Neifach, Buffalo, N. Y., for trustee.

HENDERSON, District Judge.

On or about June 8, 1960, the bankrupt purchased an automobile under a retail installment contract. This contract, purchased by General Motors Acceptance Corporation, was properly filed in the Town of Hamburg, where bankrupt resided and where the automobile was kept. Thereafter, she moved to Buffalo, a new filing district, but the contract was not refiled.

A petition in bankruptcy was filed on March 21, 1961. The trustee moved to declare the lien of GMAC void for its failure to refile under section 74 of the Personal Property Law of the State of New York, McKinney's Consol. Laws, c. 41. In support of this motion, the trustee introduced in evidence an envelope of GMAC which contained certain mail matter and was addressed to the bankrupt at her Buffalo residence. The referee found that GMAC had actual notice of the change in residence and granted the trustee's motion. From this order GM AC appeals.

Appellant contends that in the absence of statutory notice to it, as specified in section 73 of the Personal Property Law, it is not required under section 74 to refile in order to preserve its lien. The appellant's claim is based upon amendment (effective October 1, 1960) of both sections. Prior to the amendments, actual notice was sufficient to require refiling by a conditional seller under section 74. In re Bowman, 36 F.2d 721, 68 A.L.R. 550 (2d Cir. 1929). However, this section now requires refiling " * * within ten days after the seller has received [the written] notice [required by section 73] * * *." [1] The notice required under section 73 is notice given " * * * in writing personally or by registered [or certified] mail * *." [2] Since section 74 as amended refers to the manner in which notice is to be given, the issue presented is whether actual notice is now sufficient to require refiling by a conditional seller.

1. Additions by amendment shown in brackets.

2. Additions by amendment shown in brackets.

The relevant section of the "Report of the Joint Legislative Committee on Commerce and Economic Development, 1960" which led to the enactment of these amendments states:

"The above have been criticized on the ground that they retain existing provisions requiring filing of conditional sale contracts according to the filing district in which the conditional buyer resides if he is a resident of the State, and according to the filing district in which the goods are first located if the buyer is a non-resident of the State. When the Uniform Conditional Sales Act was adopted in New York, it attempted to reconcile the pre-existing filing system based on residence in case of resident conditional buyers, with the proposed Uniform Law filing system based on the location of the goods. Confusion has necessarily resulted: existing law requires refiling of conditional sale contracts in case of removal of the goods by a non-resident from the filing district where the contract was filed. The amendments to §§ 73, 74, 75 proposed by the above bill *clarify the existing law* by requiring re-filing of conditional sale contracts in case a resident conditional buyer changes his place of residence from a filing district where the contract was filed to another filing district. *The amendments conform to the intent of the draftsmen of the Uniform Act.*" (Emphasis added.)

This would indicate that the changes were intended only to clarify existing law as to resident conditional buyers. Re-ferring, as suggested in the report, to the Uniform Act, the Commissioners' Notes under section 13[3] state, with reference to its interrelation with section 14:[4]

"In order that it may be reasonable to compel the seller to make this record, every effort must be made to give the seller notice of the removal. *He will naturally learn in many cases of such removal,* because he will be collecting the part payments and will be looking for the buyer. But *if a civil penalty is placed upon removal by the buyer without notice to the seller, the chances of the seller knowing of such removal and being able to file the contract in the new county will be greatly increased.* In view of the danger to the seller if the goods are taken into a new county where there is no record, the penalty of allowing the seller to retake the goods as on default does not seem too harsh." (Emphasis added.)

Thus, the Commissioners contemplated a conditional seller receiving actual notice by means other than those specified in section 13. The court concludes that this section was drafted to *increase* (by use of a civil penalty) a conditional seller's chance of receiving notice by having actual notice not to restrict his duty to refile under section 14. Similarly, in light of the report of the New York Joint Legislative Committee, it seems apparent that no different result was intended by the recent amendments to the New York statute. Accordingly, the decision of the Referee is affirmed. So ordered.

3. 2 U.L.A. § 13 which corresponds to section 73 of the Personal Property Law.

4. 2 U.L.A. § 14 which corresponds to section 74 of the Personal Property Law.